

**AlaFile E-Notice**

35-CV-2014-900053.00

To: WESTERN EXPRESS, INC.
C/O NATL.REG. AGENTS, INC
2 N. JACKSON ST, STE. 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

BOBBY HOWZE V. WESTERN EXPRESS, INC.
35-CV-2014-900053.00

The following complaint was FILED on 6/19/2014 9:11:41 AM

Notice Date:   6/19/2014 9:11:41 AM

MATTIE ATKINS
CIRCUIT COURT CLERK
GREENE COUNTY, ALABAMA
400 MORROW AVENUE
EUTAW, AL 35462

205-372-3598
mattie.atkins@alacourt.gov

| State of Alabama Unified Judicial System Form C-34 Rev 6/88 | SUMMONS - CIVIL - | Case Number: 35-CV-2014-900053.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF GREENE COUNTY
## BOBBY HOWZE V. WESTERN EXPRESS, INC.

NOTICE TO  WESTERN EXPRESS, INC., C/O NATL REG. AGENTS, INC 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL D MITCHELL

WHOSE ADDRESS IS 512 Montgomery Hwy, Suite 200, Vestavia, AL 35216

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    BOBBY HOWZE
pursuant to the Alabama Rules of the Civil Procedure

Date 6/19/2014 9:11:41 AM    /s/ MATTIE ATKINS
Clerk/Register
400 MORROW AVENUE
EUTAW, AL 35462

☑ Certified Mail is hereby requested    /s/ MICHAEL D MITCHELL
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____ (Date)

Date _____    Server's Signature _____    Address of Server _____

Type of Server _____    Server's Printed Name _____

Phone Number of Server _____

ELECTRONICALLY FILED
6/19/2014 9:11 AM
35-CV-2014-900053.00
CIRCUIT COURT OF
GREENE COUNTY, ALABAMA
MATTIE ATKINS, CLERK

IN THE CIRCUIT COURT OF GREENE COUNTY, ALABAMA

CIVIL ACTION NUMBER: _____

BOBBY HOWZE,

    Plaintiff,

v.

WESTERN EXPRESS, INC., a corporation; and,
NO. 1, whether singular or plural, plaintiff hereby intending to designate the driver of the Western Express tractor-trailer whose negligence caused the plaintiff's injuries and damages on the occasion made the basis of this suit; NO. 2, whether singular or plural, plaintiff hereby intending to designate the owner of the motor vehicle which collided with the plaintiff on the occasion made the basis of this suit; NO. 3, whether singular or plural, plaintiff hereby intending to designate that entity or those entities who or which were the master or principal of the driver of the motor vehicle which collided with the plaintiff on the occasion made the basis of this suit; NO. 4, whether singular or plural, plaintiff hereby intending to designate that entity or those entities for whom the driver of the motor vehicle which collided with the plaintiff was performing some type of service or employment duty at the time of this collision; NO. 5, whether singular or plural, plaintiff hereby intending to designate that entity or those entities or that individual or those individuals who or which negligently entrusted the motor vehicle which collided with the plaintiff to the driver at the time of this collision; NO. 6, whether singular or plural, plaintiff hereby intending to designate the entity or those entities on whose behalf the vehicle involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; NO. 7, whether singular or plural, plaintiff hereby intending to designate that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit, including, but not limited to, uninsured motorists coverage; NO. 8, whether singular or plural, plaintiff hereby intending to designate that entity or those entities who or which provided any insurance coverage for any part of the motor vehicle, owner or driver, involved in the occurrence made the basis of this lawsuit, for the driver of each such respective vehicle or for any of the named fictitious parties defendant listed or described herein; NO. 9, whether singular or plural, plaintiff hereby intending to designate that entity or those entities, that individual or those individuals, other than those individuals and entities named above, whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; NO. 10 whether singular or plural, plaintiff intending to designate hereby that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; NO. 11, whether singular or plural, being that person, firm, corporation or other entity who or which is the successor-in-interest, predecessor, or correct legal designation of any of the entities described above. Plaintiff avers that the true identity of the foregoing fictitious party defendants is otherwise unknown to the plaintiff at this time, or, if their names are known to the plaintiff at this time, their identities as proper parties

defendant are not known to the plaintiff at this time but their true names will be substituted by amendment when the aforesaid lacking information is ascertained.

Defendants.

## COMPLAINT

1. Plaintiff, Bobby Howze, is over nineteen years of age and is a resident of the State of Georgia.

2. Defendant, Western Express, Inc., is a Tennessee corporation doing business in the State of Alabama.

3. The fictitious parties 1 through 11 are those entities or individuals who proximately caused the injuries and damages claimed herein. Plaintiff avers that the true identities of the foregoing fictitious party defendants are otherwise unknown to the plaintiff at this time, or, if their names are known to the plaintiff at this time, their identities as proper party defendants are not known to the plaintiff at this time but their true names will be substituted by amendment when the aforesaid lacking information is ascertained.

4. On or about May 14, 2013, the plaintiff, Bobby Howze, was operating a motor vehicle upon a public roadway, to-wit: Interstate 59 between County Road 208 and County Road 167 in Greene County, Alabama. At said time and place, the driver of the Western Express tractor-trailer, whose identity is presently unknown but who will be named by amendment when ascertained, while acting as an employee in the line and scope of his duties for his employer, Western Express, Inc., negligently and/or wantonly operated a motor vehicle, so as to cause injuries to said plaintiff.

## COUNT ONE

5. Plaintiff re-asserts, re-alleges and incorporates by reference paragraphs 1 through 4 as if set out herein in full.

6. Plaintiff contends the driver of the Western Express tractor-trailer, an employee of defendant Western Express, had a duty to operate the company's motor vehicle in a safe manner. Plaintiff contends the Western Express driver breached said duty by failing to keep a proper look out and operating the Western Express tractor-trailer in a negligent/wanton manner so as to cause injuries to said plaintiff.

7. As a direct and proximate result of the negligent/wanton conduct of Western Express, Inc., and its driver, combining and concurring, plaintiff was caused to suffer damages, including physical injuries about his body, great pain of body and mind, expenses for medical attention and hospitalization, permanent injuries and substantial lost wages, as well as all other damages allowed by law.

WHEREFORE, PREMISES CONSIDERED, plaintiff claims judgment against defendant Western Express, Inc. and fictitious party defendants, jointly and severally, for compensatory and punitive damages, in an amount to be determined by the trier of fact, plus costs.

## COUNT TWO

8. Plaintiff re-asserts, re-alleges and incorporates by reference paragraphs 1 through 7 as if set out herein in full.

9. Plaintiff maintains that defendant Western Express, Inc., its agents or employees, negligently and/or wantonly entrusted a truck to its employee.

10. At the aforesaid time and place, the employee, whose identity is presently unknown but who will be identified by amendment when ascertained, individually and while in the furtherance of the business of Western Express, Inc., or while on an errand or mission for Western Express, Inc., negligently and/or wantonly operated the company's vehicle.

11. Plaintiff maintains that negligent and/or wanton entrustment of said vehicle, combined and concurred, to cause plaintiff to suffer damages, including physical injuries about his body, great pain of body and mind, expenses for medical attention and hospitalization, permanent injuries, substantial lost wages, as well as all other damages allowed by law.

WHEREFORE, PREMISES CONSIDERED, plaintiff claims judgment against defendants, Western Express, Inc. and fictitious party defendants, jointly and severally, for compensatory and punitive damages, in an amount to be determined by the trier of fact, plus costs.

## COUNT THREE

12. Plaintiff re-asserts, re-alleges and incorporates by reference paragraphs 1 through 11 as if set out herein in full.

13. Plaintiff maintains that the defendant Western Express, Inc., its agents and/or employees, negligently and/or wantonly hired, failed to adequately train, and/or supervise their employee.

14. At the aforesaid time and place, the employee, whose identity is presently unknown but will be identified by amendment when ascertained, individually and while in the furtherance of the business of Western Express, Inc., or while on an errand or mission for Western Express, Inc., negligently and/or wantonly operated the Western Express tractor-trailer.

15. This above-described negligent and/or wanton hiring, training, and supervising of its employee, combined and concurred, to proximately cause plaintiff to suffer damages, including physical injuries about his body, great pain of body and mind, expenses for medical attention and hospitalization, permanent injuries and substantial lost wages, as well as all other damages allowed by law.

WHEREFORE, PREMISES CONSIDERED, plaintiff claims judgment against defendant, Western Express, Inc., and fictitious party defendants, jointly and severally, for compensatory and punitive damages, in the amount to be determined by the trier of fact, plus costs.

/s/ Michael D. Mitchell
Michael D. Mitchell (MIT036)
Attorney for Plaintiff Bobby Howze

OF COUNSEL:

THE MITCHELL LAW FIRM, LLC
512 Montgomery Highway, Ste. 200
Birmingham, Alabama 35216
Telephone: 205-942-0249
Facsimile: 205-822-6197

PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:

Western Express, Inc.
c/o National Registered Agents, Inc.
2 North Jackson Street, Ste. 605
Montgomery, Alabama 36104